UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| **DARRELL WALKER**, | 2:18-CV-11805-TGB |
| Petitioner, | **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS** |
| vs. | |
| **PATRICK WARREN**, | |
| Respondent. | |

This is a habeas case filed under 28 U.S.C. § 2254. Michigan prisoner Darrell Walker was convicted after a jury trial in the Wayne Circuit Court of armed robbery. MICH. COMP. LAWS § 750.529. Walker was sentenced as a fourth-time habitual felony offender to 25 to 50 years imprisonment. The petition raises four claims: (1) insufficient evidence was presented at trial to sustain Walker's conviction where he was merely present at the scene of the crime, (2) the trial court improperly admitted prior bad acts evidence of a home invasion that occurred later on the night of the armed robbery, (3) the trial court erred in failing to instruct the jury regarding inconsistent statements, and (4) trial counsel

was ineffective for failing to move for a directed verdict. The Court will deny the petition, deny a certificate of appealability, and deny permission to appeal in forma pauperis.

## I. Background

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This case stems from the armed robbery of a gas station. In that business establishment, the cashier's work station was enclosed by a wall that had bullet proof glass built into it and a door, which the cashier could utilize to access the customer area of the gas station. Walker entered the gas station around 3:30 a.m. on May 28, 2014, and asked the cashier for help locating the coffee machine. The cashier testified that Walker was behaving strangely and that he did not go straight to the coffee machine when she pointed to its location; instead, Walker circled around some coolers and then made his way to the coffee machine. According to the cashier, Walker then just stood at the coffee machine, so the cashier opened her access door, stepped out into the customer area, and asked Walker if he needed assistance. Walker stood there silently, and the cashier explained to him how to use the coffee machine. She then went back to her work station, closing and locking the access door behind her.
>
> The cashier testified that two women were also in the gas station at the time and that one of them came up to the counter, as Walker remained at the coffee machine. The cashier next heard a man's voice demanding money. The man, later identified as Upshaw, robbed the female customer, who

proceeded to run and hide behind some shelving. Upshaw then turned his attention to the cashier, yelling at her to give him the money from the cash register, but she did not comply. During the next few moments, Upshaw discharged his firearm six times in the direction of the cashier and the enclosure and tried to knock and kick open the access door. The cashier was shielded by the bullet proof glass, and Upshaw was unsuccessful in his attempt to break into the cashier's work station. The cashier noticed that during this intense altercation, Walker remained standing at the coffee machine. She further observed that when Upshaw pointed his gun in Walker's general direction, Walker did not run. The cashier testified that Walker shouted at her to open the access door, indicating that the cashier should do so in order to simply end the situation and get Upshaw out of the gas station. The cashier, however, stood her ground and did not comply. Upshaw gave up and ran out of the gas station. Walker then ran up to the counter, told the cashier that she needed to call the police, and then fled in the same direction as the shooter.

A few hours later, Walker and Upshaw were arrested in the process of committing a home invasion at a residence in Detroit. The pair were caught as they exited separate windows of the house. Walker and Upshaw had attempted to steal several items of jewelry. The cashier later identified both Walker and Upshaw in separate photographic lineups, indicating that Walker had been the man standing at the coffee machine and that Upshaw had been the person who brandished and discharged the firearm in the gas station. The gas station's surveillance cameras produced footage of the armed robbery, which was displayed to the jury. Defendants were charged with the armed robbery and related crimes, but were not charged in these proceedings with the home invasion offense. Evidence of defendants' participation in the home invasion, however, was presented at trial. At the trial, Walker's defense was that he had merely been present at the

> gas station during the armed robbery and thus was not guilty as an aider and abettor, while Upshaw's defense challenged the evidence placing him at the gas station during the armed robbery.

*People v. Walker*, 2016 WL 2942215, at *1–2 (Mich. Ct. App. May 19, 2016).

Following his conviction and sentence Walker filed an appeal of right. His brief on appeal filed by his appellate counsel raised what now form his first two habeas claims. Walker also filed a pro se supplemental brief that raised what now form his second two habeas claims. The Michigan Court of Appeals affirmed. *Id.* Walker appealed this decision and filed an application for leave to appeal in the Michigan Supreme Court, but it was denied by standard form order. See Dkt. 8-12.

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a

substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S.86, 103 (2011).

### III. Analysis
**A. Sufficiency of the Evidence and Failure to Move for Directed Verdict**

Walker claims that insufficient evidence was presented at trial to sustain his conviction because he was merely present at the crime scene. Relatedly, Walker asserts that his trial attorney was ineffective for failing to move for a directed verdict after the prosecution rested its case.

After reciting the controlling constitutional standard, the Michigan Court of Appeals denied the claim on the merits as follows:

> In the instant case, the evidence was sufficient to show that Walker was not merely present in the gas station at the time of the armed robbery but that he aided or abetted in the robbery. Walker's odd behavior in the gas station before and during the robbery, described above, his lack of a normal reaction to the robbery, his attempt to convince the cashier to open the access door, and his quick departure upon Upshaw's exit from the gas station, all suggested that Walker played a role in the armed robbery and was not merely present at the scene. The evidence that removes any lingering doubt on the issue is Walker and Upshaw's joint participation in the home invasion a few short hours later. This evidence revealed that a relationship existed between the two men, rendering any

5

conduct by Walker at the gas station that arguably may have outwardly appeared innocent, damning and inculpatory. Taking into consideration the evidence of Walker's conduct at the gas station in conjunction with the home invasion evidence, there existed sufficient circumstantial evidence that Walker encouraged, supported, and assisted in the armed robbery, i.e., that he aided and abetted Upshaw in the robbery. Reasonable inferences arising from the evidence include that Walker was "casing" or surveilling the gas station, that he was attempting to distract the cashier, that his conduct had been designed to lure the cashier from her work station and open the access door, which did briefly occur, that he was there to help contain or address any unexpected interference with the robbery, and/or that he was there to assist in completion of the robbery if Upshaw needed assistance. Indeed, Walker's attempt to convince the cashier to open the access door, in and of itself, was evidence of him providing aid and assistance to Upshaw, as had Walker been successful in essentially tricking the cashier into opening the door, Upshaw in all likelihood would have been able to empty the cash register. In sum, the evidence, when viewed in a light most favorable to the prosecution, with all conflicting evidence being resolved in favor of the prosecution, was more than sufficient to support Walker's conviction for armed robbery under an aiding and abetting theory.

*Walker*, 2016 WL 2942215, at *3–4.

The relevant standard under clearly established Supreme Court law for sufficiency-of-the-evidence claims is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under

this standard, a reviewing court does not "reweigh the evidence or redetermine the credibility of the witnesses" because such an assessment "is generally beyond the scope of review. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). Under this standard, circumstantial evidence alone may suffice to sustain a finding of guilt beyond a reasonable doubt. *United States v. Algee*, 599 F.3d 506, 512 (6th Cir. 2010).

The Michigan Court of Appeals did not unreasonably apply this standard. The evidence presented at trial tended to indicate that Walker and his accomplice acted together during the robbery. Walker entered the premises first, but his behavior seemed unusual to the clerk, and it was directed at drawing her out of her secure enclosure. Walker encouraged the clerk to open her door while the other man tried to break in. The other man exited first, and Walker's departure seems to have been delayed only because the clerk operated the remote locks on the doors. In any event, the fact that the two men were later caught together after committing a home invasion strongly supported the inference that they also were acting in concert during the armed robbery. Taken at face value, Walker's statement to the clerk to comply with the demands of the other man to open the door to her work station was clearly an act that constituted aiding or abetting in the robbery.

7

The fact that he later told the clerk to call the police may seem contrary to what one would expect from an accomplice. But in fact, the evidence indicated that after the other perpetrator left the premises, the clerk remotely activated the store's lock which locked Walker inside. See Dkt. 8-7, at 113-114. It was at that point that Walker told the clerk to call the police and tried unsuccessfully to leave. *Id.* Viewed most favorably to the prosecution, Walker's statement was a last-second attempt to divert blame away from himself when he found himself momentarily locked in the store. The *Jackson* standard gives little weight to a criminal defendant's innocent explanation of the evidence, which a jury is free to disbelieve. *United States v. Hughes*, 505 F.3d 578, 594 (6th Cir. 2007); *United States v. Schreane*, 331 F.3d 548, 562 (6th Cir. 2003). Walker has therefore failed to demonstrate entitlement to relief with respect to his first habeas claim.

Walker's related ineffective assistance of counsel claim fails with it. Counsel does not perform deficiently by failing to make a meritless motion. *Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010). Any motion for a directed verdict would have been denied because the evidence produced by the prosecution was sufficient to sustain the charged offense.

## B.   Admission of Prior Bad Act Evidence

Walker next claims that the trial court erred in admitting evidence that he committed a home invasion with his accomplice after the robbery at the gas station. The Michigan Court of Appeals found that the evidence was properly admitted as a matter of state evidentiary law because it tended to show the connection between the two men at the time of the robbery, and that probative value was not substantially outweighed by the danger of unfair prejudice:

> [I]n light of the importance of the evidence of the home invasion in showing a relationship between Walker and Upshaw, said evidence was relevant, as it made it more probable that Walker had aided and abetted Upshaw relative to the armed robbery – a disputed fact that was of consequence to the determination of the armed robbery charge. MRE 401. Moreover, the probative value of the home invasion evidence, which was high, was not substantially outweighed by the danger of unfair prejudice. MRE 403.2. Accordingly, the evidence concerning the home invasion was admissible. MRE 402. We note that Walker does not argue that MRE 404(b) barred admission of the evidence and that, had he made the argument, it would fail, because the evidence was not admitted to show Walker's character or his propensity to engage in criminal activity. *People v. Jackson*, 498 Mich. 246, 258-259 (2015). Rather, the home invasion evidence was introduced for the proper purpose of showing the existence of a connection or relationship between Walker and Upshaw. The trial court did not abuse its discretion or otherwise err in admitting the evidence of the home invasion. *People v. Lukity*, 460 Mich. 484, 488 (1999).

*Walker*, 2016 WL 2942215, at *4-5.

This claim is not cognizable on federal habeas review because it raises only an issue of state evidentiary law. See *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *Markham v. Smith*, F. App'x 323, 325 (6th Cir. 2001). "A state court evidentiary ruling will be reviewed by a federal habeas court only if it were so fundamentally unfair as to violate the petitioner's due process rights." *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001). This is "an extremely high standard." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004). "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (alteration in original) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)). It is the habeas petitioner's burden to demonstrate that a state court's ruling "contradicts Supreme Court precedent and violates a fundamental right." See *Bey v. Bagley*, 500 F.3d 514, 521 (6th Cir. 2007).

Neither in the state courts nor in his habeas petition has Walker indicated how admission of evidence that he committed another similar felony on the same date as the armed robbery is prohibited by some clearly established Supreme Court precedent. Indeed, as reasonably concluded by the Michigan Court of Appeals, evidence that the two men were caught later that night strongly supported the inference that he

aided and abetted the first crime, and that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. The claim is without merit.

### C. Failure to Instruct Jury on Inconsistent Statements

Finally, Walker claims that the trial court erred in failing to instruct the jury on how to consider inconsistent statements made by prosecution witnesses. The Michigan Court of Appeals noted that Walker failed to identify the inconsistent statements at issue, and that the claim was therefore without merit:

> Walker finally contends, in his standard 4 brief, that the trial court deprived him of a fair trial by failing to properly instruct the jury on prior inconsistent statements used to impeach witnesses. The trial court rejected Walker's request to instruct the jury pursuant to M Crim JI 4.5, which addresses prior inconsistent statements made by witnesses and directs jurors to only consider such statements with respect to deciding whether a witness testified truthfully in court and not as substantive evidence. On appeal, defendant fails to actually identify any prior inconsistent statements made by the cashier or any other witness used for impeachment, nor can we locate any. The trial court is not required to give a requested instruction when it is unsupported by the evidence or record. *People v. Mills*, 450 Mich. 61, 81 (1995). Accordingly, the trial court did not abuse its discretion in determining that the omitted instruction concerning prior inconsistent statements was inapplicable to the facts of the case. *People v. Gillis*, 474 Mich. 105, 113 (2006).

*Walker*, 2016 WL 2942215, at *5.

The clerk of the store did not testify during the preliminary examination that Walker told her to call the police after the attempted robbery. At trial she indicated that Walker told her to call the police, and defense counsel pointed out the discrepancy. Dkt. 8-7, at 107-08, 113-14. It was a rather unremarkable event, especially given the admission of the videotape of the robbery, and the version testified to at trial was more helpful to the defense because it tended to support Walker's mere-presence defense. Any error in failing to specifically instruct the jury on inconsistent statements therefore did not have a substantial impact or influence on the outcome of the trial. *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993). Walker has therefore failed to demonstrate entitlement to relief with respect to this claim.

As none of Walker's claims justify relief, the petition will be denied.

### IV. Certificate of Appealability

In order to appeal the Court's decision, a habeas petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). The applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d

900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that Walker has failed to demonstrate entitlement to habeas relief with respect to his claims because they are devoid of merit. Therefore, a certificate of appealability will be denied. Finally, Walker is denied permission to proceed in forma pauperis because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**IT IS SO ORDERED**.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

Dated: May 11, 2020.

13